**☐ ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S D C.  Atlanta

AUG 28 2007

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| WALTER L. HAWKINS | CIVIL FILE NUMBER |
| PLAINTIFF, | |
| } | **1  07-CV-2068** **-CC** |
| JOHN POTTER, POSTMASTE GENERAL UNITED STATES POSTAL SERVICE AGENCY | August 28, 2007 |

### COMPLAINT

Come now WALTER L. HAWKINS in the above-captioned matter, and herein called "Plaintiff", files this action of Sex Discrimination and Retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5 et seq.; against John Potter, herein called "Agency".

This complaint is file after the Plaintiff exhausted his administrative remedies and pursuant to EEOC 29 C.F.R 1614. Plaintiff filed a complaint with EEOC and the Administrative Judge issued a decision without a hearing for the Agency. Plaintiff appealed to the U.S. Equal Employment Opportunity Commission, Office of Federal Operation and on July 27, 2007 the Office of Federal Operations affirmed the agency's final order, and the Administrative Judge's issuance of a decision without a hearing.

Plaintiff has been employed with the United States Postal Service since December 5, 1987. He has been assigned to the Riverdale Main Post Office at 8060 Webb Road, Riverdale, Georgia 30274, as a Customer Service Supervisor since August 3, 2003.

Plaintiff is employed as a Customer Service Supervisor. Riverdale, Georgia has two post offices, the main office "Webb Road" Post Office and the "Church Street Station". The Plaintiff is assigned at the "Webb Road" Post Office, and was the only male supervisor assigned in Riverdale, Georgia. On October 1, 2004, he was assigned a new Supervisor Mr. Clarence Coulter, as Acting Postmaster. The Plaintiff had been out on sick in August 2004, under Postmaster J.J. Smith, and when Mr. Coulter became Postmaster in October he issued a "Postal Letter of Warning" to Plaintiff for the week of the August 16, 2004. Plaintiff filed an EEO complaint and the letter was rescinded by the Manager of Postal Operations.

On November 3, 2004, when Plaintiff returned to work after sick leave, Mr. Clarence Coulter had him to sign a "Letter of Expectation for Customer Service Supervisor (see Plaintiff Exhibit   ). Mr. Coulter did not have the female supervisors sign the same letter of expectation.

Plaintiff had only been back at work two weeks, when Mr. Coulter issued him a second "Proposed Letter of Warning" for having Postal Carriers out after 5:00pm. The other Riverdale Post Office "Church Street Station" also had carriers out after 5:00pm and the female supervisor's were not issued a proposed letter of warning (see exhibit )

On November 16, 2004, Plaintiff had a 10am appoint with Dr. Ewaul B. Persaud, Jr. M. D., he placed Plaintiff on FLMA, and sent to see Judy Wells Schneider, Ph.D., L.P.C. Dr. Wells stated Plaintiff could not return to work under Mr. Coulter, in Riverdale, due to

2

the Hostile Work Environment, and Psychological Violence being inflicted on me by Mr. Coulter.

On Saturday, November 27, 2004, Plaintiff was out on sick leave when he received a letter from Mr. Coulter instructing me to come in for an investigative interview on November 29, 2004. After receiving this letter Plaintiff being to have chest pains and had to go to the emergency room at Fayette Community Hospital. Dr. Jones there wrote the chest pains of that type could be caused by emotional upsets and further upsets could make it worse.

## FACTS

1. Mr. Clarence Coulter was named Officer in Charge of Riverdale Post Office on October 1, 2004, after the retirement of J. Smith (Postmaster).

2. Plaintiff was out on sick leave from August 16, 2004 to November 3, 2004.

3. Plaintiff never worked under Mr. Coulter's supervision prior to November 3, 2004. On October 24, 2004, Mr. Coulter issued a Letter of Warning for AWOL to Plaintiff for the week of August 16, 2004. The Plaintiff filed an EEO complaint against Mr. Coulter in October 2004.

4. Plaintiff first day under Mr. Coulter's supervision was November 3, 2004. Mr. Coulter at that time told Plaintiff he received his EEO complaint, and then issued Plaintiff's "Exhibit 3". This is a list of Expectations of assigned position as a Customer Service Supervisor at Riverdale Post Office." The Plaintiff was the only Customer Service Supervisor in Riverdale issued this list of Expectations designed to assist Mr. Coulter in his reprisal against the Plaintiff.

3

5.  The have been four female Customer Service Supervisors in Riverdale, not one was issued this list of Expectations. This speaks to the true intent of Mr. Coulter, to create a document for only one Customer Service Supervisor who happen to be Male and who had filed a EEO Complaint against him.

6.  Mr. Clarence Coulter's actions not only violated Title VII, but also the United States Post Office's Employee Relations Manuel 661.51 Discrimination: *"No employee while acting in an official capacity will directly or indirectly authorize, permit, or participate in any action, event, or course of conduct which subjects any person to discrimination, or results in any person being discriminated against, on the basis of race, color, religion, sex, national origin".*

7.  The Female Customer Service Supervisors have had carriers out after 5:00pm, and no advise action have been taken against them.

8.  Mr. Coulter created a *Hostile Work Environment*, by issuing "the List of Expectations" only to the Plaintiff.

9.  In the EEO investigative summary of Mr. C. Coulter, (pages 5), Mr. Coulter states: *"No other supervisors or employees were requested to sign the expectations of position document".* By Mr. C. Coulter own words he admit to discriminating against Plaintiff and engaging in unfair employment practices.

10. The United States Postal Service's Employee Relations Manual (ELM) 671.21 (a) states: *"The USPS seeks to Ensure fair employment practices at every level of the organization and to make equal employment opportunity a way of life in the Postal Service."* The actions of Mr. Coulter dose not embrace those principles.

11. While the Plaintiff provided the Agency the requested information during the

discovery period, the Agency refused to provide the Plaintiff with requested information. The Agency relied on the responses of Plaintiff to state there are no prima facie case. If the Agency had complied with the Acknowledgement Order and provided the requested documents, it would have shown the female supervisors did have carriers out after 5:00pm.

12. In May 2005, Mr. Coulter call Plaintiff at his home while out on Family Medical sick leave and instructed him to turn in his Postal Identification and keys.

Plaintiff has made a case of Adverse Action and Discrimination. The Letter of was discriminatory and without merit. The intent Mr. Coulter had when he issued the Letter of Warning, was to show favorable treatment to the female employees. Plaintiff points to the Letter of Expectation and the reason the Plaintiff was the only supervisor issued this list of Expectations. If the Agency has a rule for its Customer Service Supervisors, then that rule must apply to all supervisors. Mr. Coulter was retaliating and being vindictive toward the Plaintiff, that's why the Plaintiff was the only Customer Service Supervisor required to sign this letter of Expectation. This is a clear violation of Title VII, and the intent Congress had when Title VII was enacted. To say there is no prima facie case is to turn a blind eye to the clear violations at had. Plaintiff has met the requirement of U.S. Code 42 section 12203, Prohibition against retaliation and coercion. Plaintiff has shown he previously engaged an EEO complaint against Mr. Coulter. Mr. Coulter was aware of Plaintiff's previous EEO complaint against him. Complainant was adversely affected by the action of Mr. Coulter causing emotional and panic attacks see medical documentation in investigative file

The Plaintiff has pointed out the discrimination and retaliation he has received and submitted medical documentation in support of the effects of the treatment he received from Mr. Coulter. In the case of *"Swierkiewicz v. Sorema* decided February 26, 2002 the court held: " An employment discrimination complaint need not contain specific facts establishing a prima facie case under the

McDonnell Douglas framework, but instead must contain only a short and plain statement of the claim showing that the pleader is entitled to relief, Fed. Rule Civ. Proc. 8(a) (2). In *Furnco Constr Corp v. Waters*, 438 U.S. 567, 577, the court said: "It may be difficult to define the precise formulation of required prima facie case in a particular case before discovery has unearthed relevant facts and evidence. Consequently, the prima facie case should not be transposed into a rigid pleading standard for discrimination case." In *Conley v. Gibson, 355 U.S. 41,* the court stated: "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegation.

In addition, it states upon which relief could be granted under Title VII. In Burlington Northern & Santa Fe Railway Co. v. White, decided June 22, 2006, the court held: "The anti-retaliation provision dose not confine the actions and harms if it forbids to those that are related to employment or occur at the workplace. The language of the substantive and anti-retaliation provisions differs in important ways. The terms "hire, "discharge, "compensation, "or privileges of employment, "employment opportunities, and "status as an employee" explicitly limit the substantive provision's scope to actions that affect employment or alter workplace conditions. Also see *Robinson v. Shell Oil Co.* Under Title VII of the Civil Rights Act of 1964, "it shall be

an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individual's sex." The Agency has violated the terms, conditions, and privileges of employment of Plaintiff, when it issued him exhibit #3 and admitted no female supervisor was issued the same list of expectations.

The Plaintiff is a black male who received unfair and discriminatory treatment when he was issued a "Proposed Letter Warning" for having Postal Carriers out after 5:00pm and two female Supervisors where not issued a "Proposed Letter of Warning" for having Postal Carriers out after 5:00pm.

Mr. Coulter himself in November 2004, while acting as the delivery Supervisor had carriers out after 5:00, one did not return until 5:45 pm is attachment.

Mr. Coulter supervises the Manager (female) of the Church Street Station and she has had carriers out after 5:00 the same time periods and she did not receive a letter. Both Post Offices in Riverdale, Georgia had carriers out after 5:00pm the day after Veteran's Day. I was the only Supervisor given a letter.

Female Supervisors have had carriers out over 40 different days see attached carrier time records mark Plaintiff exhibits –

The facts of this complaint submitted to the court are more than enough to warrant a hearing on the facts. Title VII of the Civil Rights Act of 1964 forbids employment discrimination against "any individual." The Agency has discriminated against Plaintiff because he is a male. Plaintiff can and do show favorable treatment to females over male employees, which is a violation of Title VII. (11) Mr. Clarence Coulter, has a history of sexual harassment, and has been removed as a postmaster at another post office, and

7

relieved for sexual harassment, before coming to Riverdale as a Supervisor. He presently

has a sexual harassment complaint against him for trying to kiss a female window clerk.

Plaintiff has not been able to work since November 16, 2004, because the Postal Service

has not transferred him to another facility as recommended by four doctors. Plaintiff has

not received pay since June 2005 and lost his health insurance coverage in July 2006.

Neither Plaintiff nor his family members been able to receive health care, because the

Postal Service has not reassigned him.

Under Title VII sec. 2000e-2, section 703 (b) states – "It shall be an unlawful

employment practice for an employment agency to fail or refuse to refer for employment,

or otherwise to discriminate against, any individual because of his race, color, religion,

sex, or national origin".


PLAINTIFF'S LIST OF WITNESSES AND EXHIBIT'S

---

I.    **LIST OF EXHIBITS:**

    1.  Tab -1 -United States Postal Service (Agency's) final action and United

        States Equal Employment Opportunity Commission, Office of Federal

        Operations Decision.

    2.  Tab – 2 –Mr. Clarence Coulter's Affidavit from EEOC file, signed on

        March 6, 2006.

    3.  Tab -3 –Letters of Warning issued by Mr. Clarence Coulter and the Letter

        rescinding those letters of warning, by Mr. Mark Forward, Manager of

        Post Office Operations (A).

4. Tab -4 -Exhibit #3, Expectations of Assigned Position as Customer
   Service Supervisor, Riverdale Post Office.

5. Tab -5 -Plaintiff's Medical Documentation.

6. Tab -6 -Riverdale Post Office Church Street time records of carriers out
   after 5:00p

7. Tab -7 -Carriers statement of being clocked in by supervisor.

8. Tab -8 -Plaintiff's EEO Investigative Affidavit.

Mr. Coulter stated in the female supervisors did not have Postal Carriers out after
5:00pm that's why they were not issued a letter of warning or took no adverse action
taken against them. Plaintiff submits the following information and exhibits to rebut Mr.
Coulter's statement and to show the Plaintiff was the victim of sex discrimination by Mr.
Coulter.

During the months of  October 2004, Pay Periods 21 -22; November 2004, Pay Periods
23 – 24; December 2004, Pay Periods 25 – 26 -27. Under Tab 6, Plaintiff has list Exhibits
of time records from the Riverdale Church Street Post Office, supervised by Mrs. Linda
Parker, Customer Service Supervisor and Ms. A. V. Coombs, Manager. These Exhibits
will show the pay period, the date, and time the carrier's clock in from the street.

1. Carrier N. D. Wilkins assigned to Mrs. Linda Parker and Ms. A.V. Coombs was
   out after 5:00pm on the following dates:

   October 08, 2004, off the street at 17:87 -5:46pm, see P -Exhibit 22-C

   October 11, 2004, off the street at 17:88 -5:47pm, see P –Exhibit 22-C

   October 12, 2004, off the street at 17:95 -5:56pm, see P –Exhibit 22-C

   November 01, 2004, off the street at 18:11 -6:03pm, see P –Exhibit 22-C

9

November 05, 2004, off the street at 17:71 -5:37pm, see P-Exhibit 22-C

November 08, 2004, off the street at 18:08 -6:03pm, see P –Exhibit 22-C

November 16, 2004, off the street at 17:86 -5:46pm, see P –Exhibit 22-C

November 17, 2004, off the street at 17:74 -5:37pm, see P –Exhibit 22 –C

November 19, 2004, off the street at 17:80 -5:42pm, see P –Exhibit 22 –C

November 22, 2004, off the street at 18:05 -6:01pm, see P –Exhibit 22 –C

November 29, 2004, off the street at 17:90 -5:48pm, see P –Exhibit 22 –C

Carrier N. D. Wilkins continues:

November 30, 2004, off the street at 17:85 -5:49pm, see P –Exhibit 22 –C

December 12, 2004, off the street at 17:75 -5:45pm, see P –Exhibit 22 –C

December 13, 2004, off the street at 17:01 -5:01pm, see P –Exhibit 22 –C

2. Carrier Q. L. Hill-Brannon assigned to Mrs. Linda Parker and Ms. A. V. Coombs
   at the Church Street Post Office, and was out after 5:00pm on the following date:
   November 12, 2004, off the street at 17:41 -5:19pm, see P –Exhibit 23 –C

3. Carrier A. N. Lewis assigned to Mrs. Linda Parker and Ms. A. V. Coombs at the
   Church Street Post Office, and was out after 5:00pm.
   October 07, 2004, off the street at 17:88 -5:49pm, see P –Exhibit 24 –C.
   December 20, 2004, off the street at 18:12 -6:04pm, see P –Exhibit 24 –C.

4. Carrier K. L. Johnson assigned to Mrs. Linda Parker and Ms. A. V. Combs at the
   Church Street Post Office, and was out after 5:00pm, see P- Exhibit 25 –C.
   October 12, 2004, off the street at 17:05 -5:02pm, see P –Exhibit 25 –C.

5. Carrier C. D. Wooten-Pruiett assigned to Mrs. Linda Parker and Ms. A. V.
   Coombs at the Church Street Post Office, and was out after 5:00pm.
   November 01, 2004, off the street at 17:02 -5:01pm, see P –Exhibit 26-C.
   November 08, 2004, off the street at 17:79 -5:16pm, see P –Exhibit 26 –C.

6. Carrier T. J. Witter assigned to Mrs. Linda Parker and Ms. A. V. Coombs at the
   Church Street Post Office, and was out after 5:00pm.
   December 17, 2004, off the street at 17:96 -5:57pm, see P-Exhibit 27 –C.

7. Carrier P. A. Tucker assigned to Mrs. Linda Parker and Ms. A. V. Coombs at the
   Church Street Post Office, and was out after 5:00pm.
   November 12, 2004, of the street at 17:02 -5:01pm, see P –Exhibit 28 –C

8. Carrier K. Shorter assigned to Mrs. Linda Parker and Ms. A. V. Coombs at the
   Church Street Post Office, and was out after 5:00pm.
   November 08, 2004, off the street at 17:22 -5:11pm, see P –Exhibit 29 –C.

Plaintiff received adverse action for having carriers our after 5:00pm between November
3, 2004 and November 16, 2004. Mrs. Linda Parker and Ms. A. V. Coombs have had
carriers out after 5:00pm from October 8, 2004 to December 17, 2004 and received no
adverse action. This is discrimination and a clear violation of Title VII 2000e.
On February 22, 2005, Ms. Sakesia Thomas was acting supervisor at the Main Post
Office on Webb Road, when she had four carriers out after 5:00pm. Ms. Thomas used her
supervisor badge to clock these carriers in so, it would appear they was off the street
before five (see carriers statements under tab 7).

11

II.   **Complainant's Witness List:**

1. Clarence Coulter, Post Master
   Riverdale Post Office
   8060 Webb Road
   Riverdale, GA. 30274-9998

2. Linda Parker, Customer Service Supervisor
   Riverdale Post Office
   8060 Webb Road
   Riverdale, GA. 30296-9998

3. Donna Muchia
   U.S. Postal Service –Finance
   Atlanta District
   Atlanta, GA. 30304

   Ms. Muchia can testify to the facts that time and pay records show postal
   carriers were out after 5pm in Riverdale before November 2004 and since
   that time.

4. Ms. Sakesia Thomas, Customer Service Supervisor
   U.S. Postal Service
   Atlanta District
   Atlanta, Georgia 30304

5. Mr. Steven Coulture, Postal Carrier
   Riverdale Post Office
   8060 Webb Road
   Riverdale, GA. 30274-9998

   Mr. Coulture can testify that Postal Carriers have been out after 5:00pm
   when females were supervising at Riverdale Post Office. He will also
   testify he was out after 5:00pm on February 22, 2005 and Ms. Sakesia
   Thomas clocked him in so it would appear he returned off the street before
   5:00pm, when he was still out on the street.

6. Mr. Gregory Thomas, Postal Carrier
   Riverdale Post Office
   8060 Webb Road
   Riverdale, GA. 30274-9998

   Mr. Thomas can testify that Postal Carriers have been out after 5:00pm
   when females were supervising at Riverdale Post Office. He will also
   testify he was out after 5:00pm on February 22, 2005 and Ms. Sakesia
   Thomas clocked him in so it would appear he returned off the street before
   5:00pm, when he was still out on the street.

7. Ms. S. D. Wondimu, Postal Carrier
   Riverdale Post Office
   8060 Webb Road
   Riverdale, GA. 30274-9998

   Ms. Wondimu can testify that Postal Carriers have been out after 5:00pm
   when females were supervising at Riverdale Post Office. She will also
   testify he was out after 5:00pm on February 22, 2005 and Ms. Sakesia
   Thomas clocked her in so it would appear she returned off the street
   before 5:00pm, when she was still out on the street. She will also testify
   that on February 26, 2005 she was out on the street and did not return to
   the Post Office until 5:15pm. Ms. Sakesia Thomas told her she had already
   clocked her in.

8. Ms. Malisa T. Johnson, Postal Carrier
   Riverdale Post Office
   8060 Webb Road
   Riverdale, GA. 30274-9998

   Ms. Johnson can testify that Postal Carriers have been out after 5:00pm
   when females were supervising at Riverdale Post Office. She will also
   testify he was out after 5:00pm on February 22, 2005 and Ms. Sakesia
   Thomas clocked her in so it would appear she returned off the street
   before 5:00pm, when she was still out on the street.

9. Ms. Ethel Means, former Postal Carrier/ now Window Clerk
   Fayetteville Post Office
   Fayetteville, GA. 30214-9998

   Ms. Means was a pm clerk at the Riverdale Church Street Post Office and
   will testify postal carriers were out after 5:00pm at the Church Street Post
   during the time period of October 2004 to December 2004, while females
   females were supervising.

13

## CONCLUSION

Plaintiff had previously filed an EEO Complaint against the Agency and the Agency agents, who were aware of this complaint. The Agency created a hostile work environment, and changed the conditions of employment when it issued a letter of expectation to Plaintiff, the only male regular supervisor at the Riverdale Post Office. The Agency has engaged continued mental intimidation by not transferring Plaintiff to a difference facility.

Mr. Clarence Coulter was named Postmaster of the Riverdale Post Office on October 1, 2004, prior to that appointment he had served as a supervisor under Mr. J.J. Smith. On October 20, 2004, he issued a "Letter of Warning" by mail to the Plaintiff's home for being Absent Without Leave during the week of August 16, 2004. Plaintiff was out on family medical leave and still out when the letter was issued, for a time period before he became Postmaster. Plaintiff filed an EEO complaint against Mr. Coulter for issuing that Letter of Warning.

Plaintiff was singled out by the Agency when Mr. Coulter stated he wanted to be clear on what was expected of him as a supervisor and had him to sign a letter of expectation on November 3, 2004. Plaintiff was the only supervisor under Mr. Coulter required to sign such letter of expectation. This letter of expectation was to be used as a legal means to harass Plaintiff. If the purpose was to insure rules were followed the all supervisors should have been held to the same standards of operating procedures.

Plaintiff worked under Mr. Coulter from November 3, 2004 to November 16, 2004. Plaintiff was forced to take family medical after continued harassment from Mr. Coulter on the job using the letter of expectation. On December 3, 2004 Mr. Coulter issued a

"Letter of Warning in lieu of time off Suspension to Plaintiff" for having Postal Carriers out after 5:00pm.

Mr. Coulter took the position of Postmaster effective October 1, 2004, at that time he had two female supervisors under his supervision, namely, Mrs. Linda Parker and A. V. Coombs. These females were not required to sign a letter of expectation. These female supervisors were violating the Postal Service policy. During the month of October 2004 by having carriers out after 5:00pm, but were not required to sign the same letter of expectation. This letter of expectation was to be use as a legal means to harass Plaintiff. If the purpose was to insure rules were followed then all supervisor show have been held to the same standards of operating procedures. This was not to case, Plaintiff has submitted time records for three month under Tab 6, and during the time Mr. Coulter served as Post Master, although time records for almost every month in 2004 will show carriers out after 5:00pm if the court desires to subpoena such records. After looking at the record as a whole and at the totality of the circumstances, such as how long the Plaintiff serve under Mr. Coulter's supervision and how long Mrs. Linda Parker and A. V. Coombs served under his supervision. The fact that the females served under his supervision a month longer (since October 1, 2004) and had carriers out after 5:00pm every week that month and the Plaintiff only worked under his supervision from November 3, 2004 to November 16, 2004. The Plaintiff was required to sign a letter of expectation on November 3, 2004, the first day he reported to Mr. Coulter and adverse action taken against him the first time he had carriers out after 5:00pm in November 2004. While Mrs. Parker and Coombs were not required to sign a letter of expectation (see Tab 2, Mr. Coulter's Affidavit) and not

only had carriers out during the October, but the months of November and December without no adverse action taken (see Tab 6 time reports).

Mr. Coulter stated in his affidavit "There were not performance issues with either Parker or Coombs and both understood their assignments". This is the Postmaster's statement of admitting discrimination against Plaintiff:

1. At the time Plaintiff signed the "Letter of Expectation" he had no work history with Mr. Coulter.

2. The time records under Tab 6, clearly show there were performance issues with Mrs. Parker and Coombs, with carriers out after 5:00pm in violation of the same Postal Service policy for which the Plaintiff was issued a "Letter of Warning".

3. The actions and statement of Mr. Coulter demonstrate discrimination and retaliation.

4. This action also proves unfair working condition and a change in Plaintiff conditions of employment.

The refusal of the Agency to return the Plaintiff to work, the mental impairment, medical treatment requiring his hospitalization (Tab 5) and personal loss of pay is sufficient for a reasonable jury to find that a hostile work environment existed, there was retaliation, and sex discrimination. Under Title VII of the Civil Rights Act of 1964, 2000e-17 (section 17) the Agency has failed to take corrective action.

There is no logical reasoning for any manager to have different standards for performance for different employees performing the same job and having the same job title. He should not use these rules to take adverse action again one employee, while other

16

employee violate the same rules, but are not held to those same standards, this is one of the main reasons Congress passed Title VII.

The Agency would argue the "Letter of Warning" was rescinded on June 10, 2005 by Mr. Coulter's Manager, "Mr. Mark Forward", Manager of Postal Operations (A) (see Tab 3). This letter was rescinded after the Plaintiff filed a second EEO Complaint against Mr. Coulter for a second Letter Of Warning in less than a month.

The Agency has not rescinded the "Letter of Expectation", this is the instrument use to issue the Letter of Warning and correct the hostile environment at the Riverdale Post Office and return the Plaintiff pay to work in at facility free of discrimination. To simply say the letter was rescinded, dose not excuse the behavior of Mr. Coulter, no more than it would excuse the behavior of a sex harasser who ask for sexual favors and just because he said "I'm sorry" doesn't change the fact he has violated Title VII for asking.

Plaintiff filed an EEO complaint with the Agency, EEOC, and pursed all administrative remedies prior to filing this action in a timely manner. Title VII of the Civil Rights Act of 1964 forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin." Pub.L. 88-342, 704, 78 Stat.257, as amended, 42 U.S. 2000e(a). A separate section of the Act—its anti-retaliation provision—forbids an employer from "discriminating against" an employee of job applicant because that individual "opposed any practice" made unlawful by Title VII or "made a charge. In this case the Plaintiff has established the disparate impact of the practice, Mr. Coulter engaged in against the Plaintiff. Plaintiff has made a prima facie case for a decision without a hearing (see Teamsters v. United States.

Plaintiff is seeking $300,000 in Compensatory Damages; restore all sick leave and annual leave; Attorney's fees; Medical Cost; Back pay since June 2005 to present; the removal of all records of "Proposed Letters of Warning" from Plaintiff personnel files; reassignment on the Southside of Atlanta, Georgia; the Postal Service will not release information without Plaintiff's written consent.

Respectfully Submitted,

Walter L. Hawkins
Plaintiff
550 Virginia Highlands
Fayetteville, GA. 30215-8245
Phone: 770-461-6181

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WALTER L. HAWKINS | } | CIVIL FILE NUMBER |
| | } | |
| PLAINTIFF, | } | |
| | } | |
| | } | |
| | } | |
| JOHN POTTER, | } | |
| POSTMASTE GENERAL | } | |
| UNITED STATES POSTAL SERVICE | } | |
| AGENCY | } | August 28, 2007 |

---

## MOTION TO ORDER THE AGENCY TO RETURN PLAINTIFF TO WORK

---

Come now WALTER L. HAWKINS in the above-captioned matter, and herein called "Plaintiff", files this action of Sex Discrimination and Retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5 et seq.; against John Potter, herein called "Agency".

Plaintiff in the above style case has been off his job assignment since November 2004, pending reassignment. Four medical professionals have statement he must be reassigned because of the hostile work environment at the Riverdale Post Office. Plaintiff has been the object of retaliation since filing an EEO complaint. The Postal Service has not reassigned the Plaintiff and this has caused hardship on the Plaintiff and his family, a lost of pay for over two years and health care.

Plaintiff directs the courts attention to Tab 5, of the Plaintiff's Complaint for medical exhibits. Plaintiff has turned in medical documentation every month since November 2004, requesting reassignment for health reasons to his supervisor. Plaintiff most recently took his medical information to the Manager of Postal Operations and wrote his a letter requesting reassignment without a response, see exhibit # P attached.

Plaintiff has no adverse action pending against he, the only reason he has not been returned to work is in retaliation for filing a EEO complaint. Title VII of the Civil Rights Act of 1964 forbids employment discrimination against any individual Pub. L. 88-352, 704, 78 Stat. 257, as amended, 42 U.S.C. 2000e-(a).

For these reason, the Plaintiff's Motion for an Order Directing the Agency to reassign the Plaintiff and return him to work.

Respectfully Submitted,

Walter L. Hawkins
Plaintiff
550 Virginia Highlands
Fayetteville, GA. 30215-8245

August 20, 2007


Mr. Mark Forward
Manager, Post Office Operations (A)
PO BOX 599310
North Metro, GA. 30026-9310



SUBJECT:   Reassignment

Dear Mr. Forward,

I have been submitting leave requests (PS Form 3971) for the past three years, with attached medical documentation advising I be reassigned. I have not been reassigned or offered a reassignment.

Since I been off I have lost pay and health Insurance Benefits. On August 14, 2007, I provided you with a copy of some of my medical documentation. My supervisor can't reassign me to another location, that's why I'm sending this request to you. I plan on retiring May 2, 2008.

Thank you,

Sincerely,

Walter L. Hawkins
550 Virginia Highlands
Fayetteville, GA. 30215-8245
770-461-6181 –(home)
770-843-0180 –( cell)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WALTER L. HAWKINS                      }
                                       }
        PLAINTIFF,                     }
                                       }
        v.                             }
                                       }
JOHN POTTER,                           }
POSTMASTE GENERAL                      }
UNITED STATES POSTAL SERVICE           }
        AGENCY                         }          August 28, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2007, I have served a copy of the Plaintiff Complaint, by depositing a copy in the United States mail, with sufficient first class postage thereon to insure delivery and addressed as follows:


Southeast Area EEO Compliance & Appeals
United States Postal Service
225 N. Humphreys Boulevard
Memphis, TN 38166-0978


                                Respectfully Submitted,

                                Walter L. Hawkins
                                550 Virginia Highlands
                                Fayetteville, GA. 30215
                                770-461-6181