# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
  Clerk

For rules and forms visit
www.ca11.uscourts.gov

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 2 9 2009

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

April 28, 2009

James N. Hatten
Clerk, U.S. District Court
75 SPRING ST SW STE 2211
ATLANTA GA 30303-3318

**Appeal Number: 08-14873-AA**
Case Style: Walter L. Hawkins v. John Potter
District Court Number: 07-02068 CV-CC-1

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original record on appeal or review, consisting of: two volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision,</u> is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals

For the Eleventh Circuit

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 29 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

No. 08-14873

District Court Docket No.
07-02068-CV-CC-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Mar 3, 2009

THOMAS K. KAHN
CLERK

WALTER L. HAWKINS,

        Plaintiff-Appellant,

versus

JOHN POTTER,
Postmaster General, United States
Postal Service Agency,

        Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

-----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

-----------------------------------------------------------------

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
APR 28 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    March 3, 2009
For the Court:    Thomas K. Kahn, Clerk
By:    Gilman, Nancy

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 29 2009

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 08-14873
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-02068-CV-CC-1

WALTER L. HAWKINS,

Plaintiff-Appellant,

versus

JOHN POTTER,
Postmaster General, United States
Postal Service Agency,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

(March 3, 2009)

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Walter Hawkins, proceeding pro se, challenges the district court's order denying his motion for summary judgment in his employment discrimination case against John Potter, the Postmaster General of the United States Postal Service, and granting Defendant-appellee's cross-motion for summary judgment. For the following reasons, we affirm.

### I.

Hawkins brought this Title VII action against his employer asserting claims for disparate treatment and hostile work environment on the basis of his sex, and retaliation for filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). The magistrate judge reviewing this case upon the motions of the parties provided a thorough summary of the facts of this case and the evidence presented by both parties. We specifically adopt the facts as detailed by the magistrate judge's Report and Recommendation. The following recitation of relevant facts is not exhaustive, but rather a summary of those occurrences pertinent to this opinion:

Hawkins started working as a customer service supervisor at the Riverdale Main Post Office in 2003. He claims that he has been unable to work since November 16, 2004 because his immediate supervisor, Clarence Coulter, discriminated against him and created a hostile work environment, which caused

him to have panic attacks and that his employer refused to transfer him to a different facility. As evidence of an adverse employment action, required for both his discrimination and retaliation claims, Hawkins points to three letters – one entitled "Expectations of Assigned Position as Customer Service Supervisor/Riverdale Post Office," and two proposed letters of warning which were later rescinded – issued by his employer citing his past misconduct. Hawkins does not deny committing the infractions cited in the letters, but claims that female employees committing such infractions were not similarly disciplined. Hawkins also claims that the warning letters and the denial of his request to be transferred to another location were in retaliation for his filing an EEO charge alleging discrimination against Coulter.

Adopting the recommendation of the magistrate judge, the district court found that Hawkins failed to present evidence supporting his discrimination claim because he had not shown that the letters constituted adverse employment actions and he had not shown that the female employees who were allegedly treated more favorably had, in fact, committed infractions similar to his admitted infractions. In addition, the court found that Hawkins was precluded from bringing a hostile work environment claim because he did not raise this claim in his EEO charge and therefore had not exhausted his administrative remedies prior to bringing suit. The

court also found that Hawkins did not establish that he had suffered an adverse employment action causally related to his prior EEO activities and that, therefore, summary judgment was appropriate on the retaliation claim. Finally, although Hawkins made reference to having a disability in his motion for summary judgment, the court found that he did not raise a disability discrimination claim or a claim under the Americans with Disability Act ("ADA") in his complaint and, to the extent he did raise one of these claims, such a claim failed for lack of exhaustion of administrative remedies. For these reasons, the district court granted Defendant's motion for summary judgment.

Hawkins appeals.

## II.

"We review the district court's grant of summary judgment de novo, applying the same legal standards that bound the district court, and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." Cruz v. Publix Super Markets, Inc., 428 F.3d 1379, 1382 (11th Cir. 2005) (citation and quotation omitted). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Ultimately, "[w]e can affirm a judgment on any legal ground, regardless of the grounds addressed and relied

upon by the district court." Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1235-36 (11th Cir. 2004).

Where, as in this case, the plaintiff is proceeding pro se, we will construe his pleadings more leniently than we would formal pleadings drafted by a lawyer. Hughes v. Rowe, 449 U.S. 5, 9 (1980). A pro se plaintiff, however, must still meet the essential burden of establishing that there is a genuine issue as to a fact material to his case. Brown v. Crawford, 906 F.2d 667, 669-70 (11th Cir. 1990).

### III.

*(1)   Hostile Work Environment and ADA Claims*

On appeal, Hawkins does not expressly challenge the district court's finding that he failed to exhaust his hostile work environment claim and, although he generally references the ADA in his appellate brief, he fails to develop any arguments relating to his alleged disability. "[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004). Further, we have deemed an issue waived where a party failed to include substantive argument and only made passing references to the order appealed from. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). Accordingly, while we are

5

cognizant of the liberal construction afforded pro se briefs, we must conclude that Hawkins has abandoned any claims or issues he may have had relating to hostile work environment, disability discrimination or the ADA.

(2)   *Title VII Discrimination*

Hawkins argues on appeal that he presented sufficient evidence to support a prima facie Title VII gender discrimination claim. Title VII of the Civil Rights Act of 1964 provides that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (1988). In cases such as this, where there is no direct evidence of discrimination, the plaintiff must rely on circumstantial evidence to prove discriminatory intent using the framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Under McDonnell Douglas, a plaintiff establishes a prima facie case of gender discrimination under Title VII by showing: (1) he was subjected to adverse employment action; (2) his employer treated similarly situated employees outside his gender classification more favorably; and (3) he was qualified to do the job. McDonnell Douglas Corp., 411 U.S. at 802; Maniccia v. Brown, 171 F.3d 1364, 1369 (11th Cir. 1999). "In determining whether employees are similarly situated for purposes of establishing

a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997)). "We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Maniccia, 171 F.3d at 1368.

As evidence that he suffered an adverse employment action, Hawkins relies upon the three letters from his employer citing his past performance problems. Hawkins fails, however, to establish that these letters had any adverse impact upon the "terms, conditions, or privileges" of his employment in a real and demonstrable way. Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001). We therefore agree with the district court that Hawkins did not suffer an adverse employment action. Furthermore, although he claims that two female supervisors did not receive similar letters in response to their misconduct, Hawkins presents no evidence establishing that the "quantity and quality" of any misconduct committed by the female supervisors was "nearly identical" to his admitted misconduct. See Maniccia, 171 F.3d at 1368. Accordingly, the district court properly concluded that Hawkins failed to present evidence supporting required elements of a prima facie claim of gender discrimination. We affirm the district court's grant of

summary judgment on this claim.

*(3)   Retaliation*

Hawkins also argues on appeal that he presented sufficient evidence of retaliation to survive summary judgment. To establish a prima facie case of retaliation, a plaintiff must show: (1) that he engaged in statutorily protected expression; (2) that he suffered an adverse employment action; and (3) that there is some causal relationship between the two events. <u>Meeks v. Computer Associates Int'l</u>, 15 F.3d 1013, 1021 (11th Cir. 1994). To meet the causal link requirement, the plaintiff "merely has to prove that the protected activity and the negative employment action are not completely unrelated." <u>E.E.O.C. v. Reichhold Chemicals, Inc.</u>, 988 F.2d 1564, 1571-72 (11th Cir. 1993). Once the plaintiff establishes his prima facie case, the employer must proffer a legitimate, non-discriminatory reason for the adverse employment action. <u>Reichhold Chemicals</u>, 988 F.2d at 1571-72. If the employer offers legitimate reasons for the employment action, the plaintiff must then demonstrate that the employer's proffered explanation is a pretext for retaliation. <u>Meeks</u>, 15 F.3d at 1021.

Here, Hawkins engaged in statutorily protected expression: he filed EEO complaints alleging that his supervisor discriminated against him based on his sex. This form of expression is protected under Section 704(a). <u>Rollins v. State of</u>

Florida Dept. of Law Enforcement, 868 F.2d 397, 400 (11th Cir. 1989). Hawkins asserts that after he filed these EEO complaints alleging sex discrimination, his employer retaliated against him by requiring him to sign a document entitled "Expectations of Assigned Position as Customer Service Supervisor/Riverdale Post Office," by then giving him the proposed letter of warning which was later rescinded, and by refusing to accommodate his request for a reassignment to another post office.[1] Based on these alleged employment actions, Hawkins argues that he has established a prima facie case of retaliation.

In order to establish a "materially adverse" employment action as required for a retaliation claim, however, Hawkins must show that "a reasonable employee would have found the challenged action materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 60 (2006). In this case, we agree with the district court that the employment actions relied upon by Hawkins do not constitute actionable adverse conduct. Furthermore, to the extent the alleged employment actions could be considered "materially adverse," we conclude that Hawkins has not demonstrated that his

---

[1] Construing his brief liberally, Hawkins also argues that a "Proposed Separation Notice" issued by his employer in 2007 was in retaliation for the EEO charge. We agree with the district court's finding, however, that Hawkins has not exhausted his administrative remedies relating to this allegedly adverse action and is therefore precluded from raising any claims based on it.

employer's stated reasons for its actions – Hawkins' admitted misconduct – were pretext for retaliation. See Sullivan v. Nat'l R.R. Passenger Corp., 170 F.3d 1056, 1059 (11th Cir. 1999) (explaining that if an employer offers legitimate reasons for an adverse employment action causally related to a protected activity, the plaintiff must then show that the employer's proffered reasons were actually pretext for prohibited retaliatory conduct). Accordingly, even if the district court erred in finding that he had not established a prima facie case, we conclude that Hawkins has not satisfied his essential burden of establishing that there is a genuine issue as to a fact material to his retaliation claim. For these reasons, we conclude that summary judgment for defendant is appropriate on Hawkins's retaliation claim.

## IV.

We have reviewed the record and the parties' briefs and find no reversible error. Accordingly, we affirm.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia